UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>              Plaintiff,<br><br>vs.<br><br>WASHINGTON TRUST BANK,<br><br>              Defendant. | No. CV-13-0409-JLQ<br><br>ORDER RE: MOTION TO DISMISS |

BEFORE THE COURT is the Motion to Dismiss (ECF No. 12) filed by Defendant Washington Trust Bank (the "Bank"). The Motion seeks to dismiss all claims asserted in the First Amended Complaint by Plaintiff Travelers Casualty and Surety Company as the assignee and subrogee of Skils'Kin (hereafter "Travelers"). The court heard telephonic oral argument on the Motion on March 12, 2014. Mark E. Wilson argued for Travelers. Leslie Weatherhead participated on behalf of the Bank. Prior to the hearing, the court allowed additional briefing concerning subject matter jurisdiction. The court has reviewed those briefs.

**I. Standard for Motion to Dismiss**

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the pleading. Under Fed.R.Civ.P. 8, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to survive a motion to dismiss, a pleading must contain

ORDER - 1

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

## II. Factual Allegations - First Amended Complaint

On a motion to dismiss, the court accepts as true well-pleaded factual allegations. Therefore, for the purposes of this Motion, the facts are as pled in the First Amended Complaint ("FAC" at ECF No. 5). Plaintiff Travelers, as the assignee and subrogee of Skils'Kin, alleges that Skils'Kin is a community-based non-profit agency which provides services to developmentally disabled adults. Travelers alleges that Skils'Kin had an account at the Bank where it transacted checks for its disabled clients, and that the Bank, in violation of reasonable commercial standards and without exercising ordinary care, cashed checks for Shannon Patterson even though she was not a named payee, when those checks were payable to various third-party payees, including Skils'Kin disabled clients. (FAC ¶¶ 5-7). Travelers claims the checks were not "properly payable" under RCW 62A.4-401(a). Travelers further alleges that the checks which were improperly cashed bore no unauthorized signatures, alterations, or indorsements. (FAC ¶ 11). Travelers admits that Patterson signed the back of the checks, but alleges this was not an indorsement, but rather was to acknowledge receipt of cash. (*Id.*). Skils'Kin allegedly had no way of discovering the improper payments because the monthly statements generated by the Bank did not contain copies of the backs of the checks. (FAC ¶ 12).

Travelers alleges that it issued an insurance policy to Skils'Kin, that Skils'Kin made a claim, and that Travelers paid the claim. (FAC ¶¶ 15-17). The FAC specifically describes only one check that was improperly payable in the amount of $5,500. However, Travelers alleges there were "many" checks at issue and that the $5,500 check is just an "example", and further pleads that the total loss was $577,919.74.

ORDER - 2

### III. Discussion

**A**. **Jurisdiction -** The central focus of Bank's Motion to Dismiss (ECF No. 12) is that Travelers has failed to plead facts sufficient to state a claim. The Bank also briefly argues that Travelers has not pled facts necessary to establish the $75,000 amount in controversy requirement for diversity of citizenship jurisdiction under 28 U.S.C. § 1332 (ECF No. 12, p. 3-4). At the Scheduling Conference in this matter on February 27, 2014, the court raised the issue of whether there was complete diversity of citizenship because Skils'Kin appeared to be a citizen of Washington. The court directed the parties to *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089 (9th Cir. 2004) in which the Ninth Circuit held that under Washington law, in a subrogation action, the insured remains the real party in interest and must be named. The result in *Hughes*, was that inclusion of the insured in the action as a named party destroyed diversity of citizenship jurisdiction and required dismissal for lack of jurisdiction.

Subsequent to *Hughes*, in *Absher Const. Co. v. North Pacific Ins. Co.*, 2012 WL 13707 (W.D. Wash. 2012), the court distinguished between assignment and subrogation. The court stated that under Washington law, "an assignee prosecutes an assigned cause of action under its own name as the real party in interest." *Id*. at 4 <u>citing</u> RCW 4.08.080. The District Court in *Absher Const. Co.* additionally cited favorably to Couch on Insurance for the proposition that "while subrogation is a designation of proceeds recovered from a wrongdoer, an assignment transfers the entire cause of action to the insurer." *Id.* at 5 <u>citing</u> 16 Couch on Insurance § 222:53 (3rd ed. Nov. 2011). Travelers has pled that Skils'Kin assigned claims to it, and also that Travelers is the assignee and subrogee. (FAC ¶¶ 16-17). Further, as an exhibit to its supplemental brief (ECF No. 24-1), Travelers has filed the assignment document. The assignment document further states that is in consideration of $696,208.00 paid to Skils'Kin by Travelers under the insurance policy.

ORDER - 3

The court is satisfied both as to diversity of citizenship and the amount in controversy and finds that it has jurisdiction.

### B. Failure to State a Claim

The Bank complains generally that the allegations in the FAC are not detailed enough. See for example (ECF No. 12, p. 2)("...Travelers does not provide specifics as to the dates, amounts, or payees of the items..."). The Bank acknowledges that this sort of deficiency would not merit dismissal of the action. See Bank's Reply at ECF No. 17, p. 2, stating, "the Bank agrees that if Travelers *does* have a claim...it is entitled to try to re-plead it". The concluding paragraph of the Bank's Reply Brief calls Travelers claims "vague and indefinite" and argues that Travelers should be required to plead more facts. (ECF No. 17, p. 14). Federal Rule of Civil Procedure 8(a)(2), of course, requires only a "short and plain statement of the claim showing that the pleader is entitled to relief". The Bank's concerns regarding the amount in controversy, the dates the checks were cashed, etc., could have been appropriately addressed with a Motion for More Definite Statement under Fed.R.Civ.P. 12(e).

Similarly, the Bank argues with some of Travelers' allegations, and effectively asks the court to view the factual allegations as untrue. For example, Travelers alleges that the bank account statements did not return canceled checks to Skils'Kin, only included copies of the front of the check, and "contained no telephone number identified as one that Skils'Kin could call to request the canceled checks". (FAC, ¶ 12). Travelers alleges that without a copy of the back of the check, which could have contained a signature or indorsement, Skils'Kin could not discover that the check was improperly paid. The Bank argues that this is an insufficient allegation that the bank statements provided to Skils'Kin failed to provide required information. The Bank claims that it is "artful" pleading by Travelers that the phone number was not "identified as one that Skils'Kin could call" and that this is different from an allegation that there was no phone number. The court disagrees that the allegation is insufficient. Although the court finds

ORDER - 4

it doubtful that a bank statement did not contain a phone number, in today's electronic age it is not implausible that perhaps instead of a phone number that statement contained only a customer service e-mail or a website address. The disputed factual content of the bank statements is not an issue to be determined via a motion to dismiss. The court does note that the Bank has provided a copy of one monthly statement, from August 2012. That statement provides at the top of page 1: "For assistance, call: PRIORITY SERVICE 1-800 788-4578". (ECF No. 23). However, the court cannot make a factual finding adverse to Travelers based on one bank statement that was filed by the Bank with its Reply Brief. Travelers has an obligation to only advance factual contentions that have evidentiary support. Fed.R.Civ.P. 11(b)(3).

**C. Statute of Limitations**

The Bank's most probative argument concerns the statute of limitations. The Bank states that there are "two relevant statutes of limitation." (ECF No. 12, p. 4). The three year statute of limitation under RCW 62A.4-111, and what the Bank calls the "narrower" provision of RCW 62A.4-406, which is one year. (ECF No. 12, p. 4-5). The Bank argues that the one year period applies, and that the one check specifically alleged in the FAC was cashed in August 2012, approximately 16 months prior to suit being filed.

Both parties agree that a case can only be dismissed on statute of limitations grounds when it is apparent from the face of the complaint that the claims are time-barred. Travelers contends that the one-year statute of limitations does not apply because it is only triggered when a bank makes a bank statement and canceled checks available to the customer. Travelers has pled that the monthly statements did not return the canceled checks. (FAC ¶ 12). Travelers also argues that its lack of specificity in pleading precludes the defense. Travelers states it did not plead the dates on which canceled checks were made available, and did not plead the dates on which it reported to the Bank that the checks had been improperly paid. (ECF No. 15, p. 8). Travelers

ORDER - 5

argues the statute of limitations in RCW 62A.4-406 defense is not established based on the face of the FAC and is an affirmative defense that the Bank will have the burden to plead and prove.

It is not apparent from the face of the FAC that Travelers claims are time-barred. Bank's request to dismiss the claims on statute of limitations grounds is denied.

**IV. Conclusion**

The Bank has filed a Motion seeking to utilize the more rigorous pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to argue that Travelers has failed to state a claim. The Bank's Motion is hyper-technical and requests too much. Travelers is not required to plead the check number, amount, and date for all of the dozens, or more, checks it claims were wrongfully paid by Bank. For the reasons stated herein, the Motion is denied. However, the court does observe that the facts pled were minimal. Travelers pled the details of only one check in the amount of $5,500.00, while claiming over $500,000.00 in losses. The Bank's contention that some of the allegations are "artful", may be accurate. It appears that the omission of certain facts may have been deliberate. For example, Traveler's Response Brief argues that the running of the statute of limitations is not apparent because Travelers did "not allege any dates whatsoever as to when any statement or item was made available" and did "not allege when Skils'Kin first reported to the Bank that it paid the checks at issue." (ECF No. 15 at p. 8). The court has determined that Travelers was not required to provide that level of detail in its FAC. However, like any litigant, Travelers has a duty to only advance legal contentions warranted by law and factual contentions that have evidentiary support.

**IT IS HEREBY ORDERED**:

1. The Motion to Dismiss (ECF No. 12) is **DENIED**.
2. The Bank shall file an Answer within fourteen (14) days.

ORDER - 6

1  **IT IS SO ORDERED**.  The Clerk shall enter this Order and furnish copies to
2  counsel.
3  Dated this 13th day of March, 2014.

    s/ Justin L. Quackenbush
    JUSTIN L. QUACKENBUSH
    SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7