UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>  Plaintiff,<br><br>  vs.<br><br>WASHINGTON TRUST BANK,<br><br>  Defendant/Third-Party Plaintiff,<br><br>  vs.<br><br>SKILS'KIN, INC.,<br><br>  Third-Party Defendant. | No. CV-13-0409-JLQ<br><br>ORDER RE: SKILS'KIN'S MOTION TO DISMISS THIRD PARTY COMPLAINT |

BEFORE THE COURT is Third-Party Defendant Skils'Kin's Motion to Dismiss Third-Party Complaint. (ECF No. 40). Washington Trust Bank ("Bank") has filed a Response and Skils'Kin a Reply. (ECF No. 48 & 53). Oral argument was held on August 28, 2014. No one appeared for Plaintiff Travelers Casualty and Surety ("Travelers"). Leslie Weatherhead participated on behalf of Bank. Raymond Clary appeared for Third-Party Defendant, Skils'Kin, Inc. This Order memorializes and supplements the court's oral ruling.

**I. Introduction/Procedural History**

Plaintiff Travelers filed this suit against Bank as the "assignee and subrogee" of Skils'Kin. (Complaint, ECF No. 1). Travelers alleges that Bank, in disregard of reasonable commercial standards, cashed checks for Shannon Patterson, an employee of Skils'Kin, even though she was not a named payee and that this led to losses exceeding

ORDER - 1

$500,000.00. Travelers has since filed a First and Second Amended Complaint (ECF No. 42), in which the basic factual allegations remain the same. Travelers contends that Skils'Kin submitted a claim, that Travelers paid the claim, and "Skils'Kin assigned certain claims to Travelers." (ECF No. 42, ¶ 17). Travelers also pleads that "because Travelers paid Skils'Kin's insurance claim, Travelers is subrogated to Skils'Kin's claims." (*Id.*).

In Bank's Answer to the First Amended Complaint (ECF No. 28) it asserted a Counterclaim against Skils'Kin. Travelers moved to strike the Counterclaim, and in its Motion argued that a Counterclaim can only be asserted against an opposing party and Skils'Kin was not a named Plaintiff. (ECF No. 29). In ruling on the Motion to Strike, this court stated: "Skils'Kin is not currently a party to this action, and thus Bank's claim should have been denominated a third-party claim and brought pursuant to Fed.R.Civ.P. 14." (ECF No. 32, p. 3). Bank then filed a Third Party Complaint against Skils'Kin (ECF No. 34) and Skils'Kin has now filed a Motion to Dismiss (ECF No. 48).

**II. Discussion**

Neither party directs the court to controlling authority on the precise issue of whether a defendant [in this case, Bank], being sued by an assignee/subrogee plaintiff [Travelers], may bring a third-party complaint against the subrogor [Skils'Kin]. Skils'Kin argues that "persuasive authority demonstrates [Bank's] failure to state a claim". (ECF No. 40, p. 7). Skils'Kin cites to United States District Court opinions from Pennsylvania and New Jersey. Bank relies primarily on state law cases - - from New York and Connecticut.

Under subrogation, "once the insurer has paid a claim to the insured, it may then stand in the shoes of the insured and assert the insured's rights against the tortfeasor." *Wausau Underwriters Ins. v. Shisler*, 1999 WL 529250 (E.D.Pa. 1999). Here, the insurer, Travelers, states that it has paid the insured, Skils'Kin, and may now assert Skils'Kin's claims against Bank. Under subrogation, "the insurer is subject to any defenses which

ORDER - 2

the third-party has against the insured." *Id*. at \*3.  Under this rationale, the court in *Wausau* refused to allow a third-party complaint against a subrogor because any claim "would merely serve to eliminate or reduce [subrogee's] recovery from [defendant]." *Id*. at \*4.  The District Court in *USAA Casualty Ins. Co. v. Metropolitan Edison Co.*, 2013 WL 2403309 (M.D. Pa. 2013) reached the same conclusion.

In *American Fire and Casualty Co. v. Material Handling Supply, Inc*., 2007 WL 1296200 (D.N.J. 2007), the court stated that it could not find a New Jersey case "that addresses the issue of whether a defendant in a subrogation action can join the plaintiff's insureds/subrogors as third-party defendants." *Id.* at \*2.  However, the court observed: "It is well-settled that a subrogee is subject to all legal and equitable defenses that the alleged tortfeasor may have against it or against its insured." *Id.*  Therefore, the court determined it would be futile to allow the joinder of the subrogor.

In the cases relied upon by Bank, the courts have allowed the third-party claim against the subrogor, where the third-party claim may exceed the original Plaintiff's claim. In *Peerless Ins. Co. v. Beshara*, 75 A.D.3d 733 (N.Y.App. 2010), the court stated that the subrogee succeeded to the benefits of the subrogor, but was also chargeable for the liabilities.  Therefore, defendant could counterclaim against the subrogee without bringing a third-party complaint against the subrogor.  However, the counterclaim could only set-off plaintiff's claim, and if the defendant wanted to seek affirmative relief against the subrogor, then a third-party claim would be appropriate.

Similarly, in *Middlesex Mut. Assur. Co. v. Black*, 40 Conn.Supp. 63 (Super. Ct. 1984), the court found that a defendant could assert a third-party claim against a subrogor that exceeded the claims in the complaint if the claims arose out of the same transaction or occurrence.  In that case, Licamele, the subrogor, owned a home in which there was a fire.  Middlesex, the insurer and subrogee, paid the claim and became subrogated to Licamele's rights against Black.  The fire had allegedly begun in Black's apartment, and Middlesex sued Black for negligence.  Black filed a third-party complaint alleging that

ORDER - 3

the negligence of Licamele had caused the fire. The court found no Connecticut authority on point, and looked to Fed.R.Civ.P. 14 and 18 for guidance. The court denied the motion to strike the third-party complaint, and stated that where "the third party defendant has been properly impleaded, and where all claims made by Black, the third party plaintiff, arise out of the same transaction complained of in the original complaint, the third party complaint may include claims for damages in excess of those sought in the original complaint." *Id.* at 66.

Herein, the Bank has asserted affirmative defenses against Travelers. (ECF No. 47, Answer to Second Amended Complaint with Affirmative Defenses). Bank has specifically pled that Travelers is "subject to all defenses and setoffs available against Skils'Kin" (ECF No. 47, p. 5), and the court agrees. Bank has raised by affirmative defense the alleged failure of Skils'Kin to timely inspect its statements. At oral argument, Bank stated that in filing the third-party claim against Skils'Kin it sought to preserve its claim for breach of presentment warranty. That claim, to the extent it arises from the same transactions and occurrences described in Traveler's Second Amended Complaint, can be pursued against Travelers because Travelers, as the assignee and subrogee, is subject to the same defenses and liabilities as Skils'Kin.

Bank, in answering the Amended Complaint, asserted a Counterclaim against Skils'Kin, who at that time was not a named party. That Counterclaim (ECF No. 28) asserts the same or similar issues as the affirmative defenses–that Skils'Kin did not promptly examine statements, that Bank is entitled to an award of attorney fees as the prevailing party, and that Shannon Patterson represented and warranted she was entitled to enforce the checks. Therefore, Travelers is clearly on notice of Bank's claims and defenses. The procedural wrangling that has ensued could have been avoided had Travelers responded to the initial Counterclaim against Skils'Kin by stating that the Counterclaim should be denominated against Travelers as the assignee and subrogee. Instead, the technical defense that Skils'Kin was not named, and could not be subject to

ORDER - 4

counterclaim, was raised.

### III. Conclusion

The Third-Party Complaint (ECF No. 34) alleges that "Skils'Kin is liable to Washington Trust Bank for any loss that accrues to Washington Trust Bank in Travelers' action from Skils'Kin's failure to examine its statements..." (¶ 8). It further states that Skils'Kin is "liable to Washington Trust Bank for reimbursement of any amounts Washington Trust Bank is required to pay in connection with the checks." (ECF No. 34, ¶ 11). Again at Paragraph 13, Bank asserts that Skils'Kin is liable to Bank for "any amounts [Bank] is held liable....". Bank's Third-Party Complaint seeks to hold Skils'Kin, the subrogor, liable for any amounts that Bank is ordered to pay to Travelers, the subrogee.

Bank's arguments against Skils'Kin have been adequately raised in the pleadings via affirmative defenses. These claims are properly asserted against Travelers, who stands in the shoes of Skils'Kin and succeeds to the benefits of Skils'Kin, and is also charged with the liabilities. Bank's defenses against Skils'Kin are tied to the underlying transactions described in the Second Amended Complaint and are at issue. They need not be denominated as counter or third-party claims

**IT IS HEREBY ORDERED**:

Third-Party Defendant Skils'Kin's Motion to Dismiss Third-Party Complaint (ECF No. 40) is **GRANTED**.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 3rd day of September, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5